UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WEST COUNTY MOTOR CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV01698 AGF |
| | ) | |
| REBECCA TALLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This arbitration matter is before the Court on the motion of Defendant Rebecca Talley, an Illinois resident, to dismiss the First Amended Complaint filed by Plaintiff West County Motor Co. ("West County"), a Missouri resident, or alternatively for summary judgment. For the reasons set forth below, the motion to dismiss shall be granted.

## BACKGROUND

In January 2008, Talley purchased a 2004 Toyota from West County. In connection with the sale, West County charged Talley, as it routinely does with its customers, a documentary and title preparation fee of $130.00. The Vehicle Buyer's Order between the parties included an arbitration clause that provided as follows:

> Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgement on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

On March 5, 2009, Talley filed a Demand for Arbitration with the American Arbitration Association ("AAA") seeking to compel West County to arbitrate the dispute on a class wide basis, with the proposed class consisting of thousands of other persons who were charged the fee in question, by West County. Talley alleged that the fee was charged for services that constituted the unauthorized practice of law, and that charging the fee violated the Missouri Merchandising Practices Act ("MMPA") and resulted in West County's unjust enrichment. She sought compensatory damages, treble statutory damages for the unauthorized practice of law, and punitive damages and attorney's fees under the MMRA.

Pursuant to Rule 3 of the AAA's Supplementary Rules for Class Arbitration,[1] the arbitrator considered as a threshold matter whether the arbitration agreement between Talley and West County authorized class arbitration. On December 29, 2009, the arbitrator issued a Partial Final Clause Construction Award which declared that the arbitration clause permitted the arbitration to proceed on a class basis. The arbitrator concluded that Missouri, rather than Illinois, substantive law applied, and that the right to

---

[1] Rule 3 of the AAA Supplementary Rules for Class Arbitrations provides:
Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award"). The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award.

2

a class action provided for in the MMPA and Missouri case law, together with the silence in the arbitration clause with respect to class actions, led to the conclusion that class actions were permitted.  The arbitrator did not actually certify a class, leaving that for later proceedings.  Also pursuant to AAA Supplementary Rule 3, the arbitrator stayed the matter for 30 days to permit any party to move a court of competent jurisdiction to confirm or vacate the award.  Neither party filed such a motion.

West County filed the present action on September 13, 2010, asserting diversity jurisdiction, and also asserting that the complaint was being filed under § 4 of the Federal Arbitration Act ("FAA").[2]  In its "First Amended Complaint," West County seeks an order prohibiting further proceedings as a class arbitration and directing the parties to proceed with arbitration on a bilateral basis, in accordance with the terms of their arbitration agreement.  West County asserts that under the recent Supreme Court case, *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758 (April 27, 2010), the

---

[2]  Section 4 of the FAA provides, in pertinent part, as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.

3

agreement cannot be construed as permitting class arbitration.

The Supreme Court held in *Stolt-Nielsen S.A.* that an arbitration panel "exceeded its powers," under § 10(a)(4) of the FAA, in imposing class arbitration on parties whose arbitration clause was silent on that issue, in that the panel improperly based its decision on policy judgments rather than the arbitration agreement itself or some principle of contract law that would affect its interpretation. *Id.* at 1773-76.[3]

Talley argues that this action should be dismissed for two reasons. First, she argues that the Court lacks diversity jurisdiction as the $75,000 jurisdictional amount is not met. Second, she contends that the action is in essence an application under § 10(a) of the FAA to vacate the arbitrator's December 29, 2009 Partial Final Clause Construction Award,[4] and such applications have a statutory three-month statute of limitations,[5] which West County did not meet.

---

[3] More recently, in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), the Supreme Court held that the FAA preempted a state judicial rule that class arbitration waivers in consumer contracts are unconscionable in certain circumstances. The Court again stressed the fundamental principle that arbitration was a matter of contract, and explained that class arbitration, to the extent that it was not contracted for, is inconsistent with the FAA.

[4] Section 10(a) of the FAA provides that "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration . . . (4) where the arbitrators exceeded their powers . . . ." 9 U.S.C. § 10(a).

[5] Section 12 of the FAA requires that notice of a motion to vacate an arbitration award "must be served upon the adverse party or his attorney within three months after the award is filed or delivered."

4

West County responds that the $75,000 jurisdictional amount requirement is met here, especially in light of Talley's refusal to stipulate, upon West County's request, that she would not demand more than $75,000 for her individual claims. West County also states that it is not proceeding under § 10 of the FAA but rather "is proceeding under § 4 of the FAA because it is aggrieved by Ms. Talley's refusal to arbitrate in the manner provided for in the arbitration agreement between the parties (i.e. bi-lateral arbitration, not class arbitration)." (Doc. No. 16 at 8.) Acknowledging that, historically, suits under § 4 have arisen in the context of a party refusing to arbitrate entirely, West County argues that in light of the *Stolt-Nielsen* decision,

> it is likely that § 4 of the FAA will be increasingly utilized as the procedural mechanism for courts to require parties to arbitrate on a bi-lateral basis when one party improperly insists on class arbitration (as opposed to forcing the parties to incur the time and expense of needless participation in class arbitration proceedings only to have the final award vacated pursuant to § 10 . . . of the FAA).

*Id.* at 10.

## DISCUSSION

**Federal Jurisdiction**

The FAA itself is not jurisdictional. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008). Thus, West County's action is dependent on some other independent jurisdictional basis. *Id.* As West County premises federal jurisdiction on diversity of citizenship, the $75,000 amount-in-controversy requirement for diversity jurisdiction must be met. Given the procedural posture of this action, this requirement is

5

met if West County can show that it does not appear "to a legal certainty" that Talley could not recover in excess of $75,000 in the underlying arbitration proceeding. *See Advance Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173-74 (8th Cir. 2008). The "legal certainty" test has recently been characterized by the Eighth Circuit as a "legal impossibility" test. *See Schubert v. Auto Owners Ins. Co.*, ___ F.3d ___, 2011 WL 3518174, at *3 (8th Cir. 2011).

In determining the amount in controversy, both punitive damages and statutory attorney's fees are considered. *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages); *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (attorney's fees). The Court concludes that a close question is presented here as to whether West County has met its burden to show that the jurisdictional amount is met here. But the Court is reluctant to hold that it would be a "legal impossibility" for Talley to recover more than $75,000 against West County, especially in light of Talley's refusal to stipulate that she would not demand more than that amount for her individual claims.

**Timeliness**

The Court agrees with Talley that this action must be dismissed as untimely pursuant to the FAA. As set forth above, the arbitrator stayed his Partial Final Clause Construction Award for 30 days to permit any party to file a motion to vacate the Award, and West County did not do so. Even if properly treated as an application under § 10(a) of the FAA to vacate an arbitration award, any such action to vacate the award must be

filed within 90 days.

The arbitrator's Partial Final Clause Construction Award was ripe for judicial review when it was issued. *See Stolt-Nielsen S.A.*, 130 S. Ct. at 1767 n.2; *see also Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir. 1999) (defining finality of arbitrator's award in context of *functus officio* doctrine). An alternative holding in such cases would mean that a respondent, such as West County, might be forced to go through class arbitration without first having the opportunity for judicial review of the arbitrator's decision that class arbitration was permitted by the arbitration agreement in question. *See Stolt-Nielsen S.A.*, 130 S.Ct. at 1767 n.2. Nothing prevented West County from filing a petition to vacate at that time. Any claim that West County could not possibly have anticipated the change in law would fail, as the issue in *Stolt-Nielsen S.A.* arose on challenge to a clause construction award, and the Supreme Court granted certiorari in *Stolt-Nielsen, S.A.* more than six months before the Partial Clause Construction Award was issued in this matter. *See Stolt-Nielsen S.A.*, 129 S. Ct. 2793 (June 15, 2009).

The present action was commenced by West County well beyond the three-month limitations period for challenges to the arbitrator's Rule 3 determination. "A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award." *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007) (quoting another source); *see also Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 574 (7th Cir. 2007).

The precise issue facing this Court was presented in *Louisiana Health Service*

7

*Indemnity Co. v. Gambro A B*, 756 F. Supp. 2d 760 (W.D. La. 2010). The court in that case held that the respondent in the arbitration proceeding waived judicial review of the arbitrator's Rule 3 Partial Final Clause Construction Award permitting class arbitration, due to the respondent's failure to timely file an application to vacate. *Id.* at 765-66. This Court agrees with the reasoning and result reached in that case.

The Court is not persuaded that West County may bring this action under § 4 without regard to any FAA limitations provisions. As West County recognizes, Talley has not refused to arbitrate her claims against West County. To the contrary, she turned to arbitration, rather than to the courts. Thus, what West County is really seeking is an order vacating the arbitrator's decision that Talley may proceed with class arbitration. West County has cited no cases, nor has the Court found any, that transform § 4 into a mechanism that would circumvent the FAA's procedures for challenging an arbitrator's Clause Construction Award. West County could have sought judicial review of the arbitrator's decision within three months of when the decision was filed, but chose not to. This action must be dismissed as untimely.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Rebecca Talley's motion to dismiss this action is **GRANTED**. [Doc. No. 15]

**IT IS FURTHER ORDERED** that Rebecca Talley's motion to dismiss directed

8

to the initial complaint is **DENIED as moot**. [Doc. No. 6]

A separate Order of Dismissal shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of September, 2011.